UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID VANBUREN,

       Plaintiff,

                                       Civil Action 2:11-cv-1118
    v.                          `       Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Elizabeth P. Deavers

OHIO DEPARTMENT OF
PUBLIC SAFETY,

       Defendant.

<u>OPINION AND ORDER</u>

      This matter is before the Court for consideration of Plaintiff's Motion for Leave to file Second Amended Complaint, Add Party Defendants, and Response to Defendant's Motion to Dismiss (ECF No. 14), Defendant's Memorandum in Opposition (ECF No. 17), and Plaintiff's Reply (ECF No. 21). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

## I.

      Plaintiff, David Vanburen, filed this employment action against the Ohio Department of Public Safety ("ODPS") on December 14, 2011, asserting claims arising under the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). On March 19, 2012, the Court held a preliminary pretrial conference and issued a Preliminary Pretrial Order ("PPO"). (ECF No. 8.) The PPO set May 16, 2012, as the deadline for amendments to the pleadings. On May 16, 2012, Plaintiff amended his Complaint, adding several state-law claims and claims arising under 42 U.S.C. § 1983.

      On June 8, 2012, Defendant moved for partial judgment on the pleadings. (ECF No. 13.)

In this Motion, Defendant submits that this Court lacks jurisdiction over Plaintiff's § 1983 claims because ODPS is an agency of the State of Ohio and not a person within the meaning of § 1983.  Defendant further asserts that this Court lacks jurisdiction over Plaintiff's state-law claims under the doctrine of sovereign immunity.

Plaintiff responded with the subject Motion for Leave to File Second Amended Complaint on July 2, 2012, attaching his proposed Second Amended Complaint to his Motion. (ECF No. 14.)  According to Plaintiff, his proposed Second Amended Complaint drops his state-law claims and added two new § 1983 defendants, both supervisors of Plaintiff, in response to the jurisdictional immunity issues Defendant raised in its Partial Motion Judgment on the Pleadings.  In addition, Plaintiff's adds a retaliation claim arising under Title VII in his proposed Second Amended Complaint.  It appears that Plaintiff's proposed retaliation claim is premised upon his allegation that after denying him a promotion in February 2010, Defendants continued to deny him positions for which he applied in retaliation for complaining of discrimination.  (*See* Proposed Sec. Am. Compl. ¶ 23, ECF No. 14-1.)  His proposed Second Amended Complaint, however, fails to specify the positions he applied for and was denied or when these alleged denials occurred.  Plaintiff cites "the interest of judicial economy" as the reason the Court should permit amendment.  (Pl.'s Mot. 2, ECF No. 14.)

Defendant opposes Plaintiff's Motion.  Defendant posits that denial is proper because Plaintiff has failed to show that good cause exists for modifying the case schedule.  Defendant notes that Plaintiff "fails to make any showing as to why any allegations in the proffered Second Amended Complaint could not have been part of an earlier filing."  (Def.'s Mem. in Opp. 2, ECF No. 17.)  Defendant alternatively contends that Plaintiff's Motion should be denied as futile.  In support of this contention, Defendant asserts that Plaintiff's new Title VII retaliation claim

2

should be rejected as futile because Plaintiff failed to attach the charge or set forth facts supporting the charge.  Defendant adds that Plaintiff's proposed Second Amended Complaint fails to state a plausible cause of action against either proposed new defendant.  Defendant does not appear to oppose Plaintiff's proposed amendment insofar as it seeks to drop his state-law claims in response to the jurisdictional immunity issues it raised in its Motion for Judgment on the Pleadings.

In his Reply, Plaintiff challenges Defendant's reliance on the deadlines set forth in the PPO as a basis for denying its Motion, asserting that "the scheduling order does not mean that there can be no amendments for the remainder of the time that the suit is pending."  (Pl.'s Reply 1, ECF No. 21.)  Plaintiff then explains that Defendant's Partial Motion Judgment on the Pleadings prompted him to proffer his Second Amended Complaint.  Plaintiff describes his failure to name the two new defendants he now seeks to add as an "oversight," but posits that Rule 15(a)'s "freely given" language exists, in part, so that such oversights can be corrected. (*Id*. at 2.)  He maintains that he has sufficiently alleged claims against the proposed new defendants.  Plaintiff indicates that he added the Title VII retaliation claim for purposes of judicial economy and that he has now obtained the requisite right-to-sue letter.  He attaches the letter, which is dated August 27, 2012, to his Reply.  Finally, Plaintiff asserts that Defendant will not suffer prejudice should the Court permit amendment, noting that the parties have not yet engaged in discovery.

## II.

Although Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings, when, as here, a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010) (citing *Leary v. Daeschner*, 349 F.3d 888, 905–09 (6th Cir. 2003)). "Once the scheduling order's deadline to amend the complaint passes, . . . a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Ben. Grp., Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov. of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause . . . ." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order . . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008). In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the

4

diligence of the party seeking the extension.'").  Finally, the Court must also consider "potential prejudice to the nonmovant . . . ."  *Leary*, 349 F.3d at 909.  Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn*, 382 F. App'x at 450; *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

    If the proponent of a belated amended demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a).  *Commerce*, 326 F. App'x at 376.  Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits."  *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted).  As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a) determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment."  *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).  In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction."  *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

## III.

5

The Court concludes that Plaintiff has demonstrated good cause under Rule 16(b) to allow for modification of the case schedule to permit amendment. Plaintiff's explanation that the delay in his proposed amendment is attributable to the timing of Defendant's Partial Motion for Judgment on the Pleadings is persuasive with regard to his proposal to drop his state-law claims and add the two new supervisory defendants, as these proposed amendments intend to address the jurisdictional immunity issues Defendant raised in its Motion. Plaintiff filed the subject Motion within the time allotted for his response to Defendant's Motion. Although this proposed pleading is Plaintiff's second amendment, Defendant raised these particular deficiencies for the first time in its Motion. And, as Plaintiff noted, Defendant did not file its Partial Motion for Judgment on the Pleadings until *after* the PPO's May 16, 2012 deadline for amendment to the pleadings. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *2 (M.D. Tenn. Mar. 19, 2012) (finding good cause under Rule 16(b) to permit amendment where the plaintiff sought to rectify pleading deficiencies the defendants first pointed out in a motion to dismiss filed after the pleading deadline and contrasting this situation from a situation wherein a plaintiff belatedly seeks to add new claims). The Court likewise concludes that Plaintiff was not dilatory in moving to add the proposed retaliation claim. According to the record, he did not even receive the requisite right-to-sue letter until August 27, 2012. Further, as Plaintiff points out, judicial economy favors permitting amendment with regards to this claim as it is related to the underlying claims. Finally, Defendant does not allege that amendment would prejudice it; the Court likewise can discern no prejudice. Neither party has conducted discovery, and the discovery period does not close until February 15, 2013.

Having found that Plaintiff has demonstrated good cause under Rule 16(b), the Court must now consider these proposed amendments under Rule 15(a). *See Commerce*, 326 F. App'x

6

at 376.  Defendant does not object to Plaintiff dropping his state-law claims.  With regard to the proposed addition of two new defendants and retaliation claim, beyond advancing the undue delay arguments the Court has already addressed, Defendant's sole argument in opposition is that this proposed amendment is futile, *i.e.*, that it fails to state a claim upon which relief can be granted.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot ordinarily rule on a motion to dismiss, is ruling on such a motion.  *See*, *e.g.*, *Durthaler v. Accounts Receivable Mngmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").  In light of this procedural roadblock, the Court will permit Plaintiff to amend his Amended Complaint to include these two new defendants with the understanding that Defendant is free to challenge the claims against them through a motion to dismiss.  *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Md.*, 715 F.Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

**IV.**

In sum, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**. (ECF No. 14.)  The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint,

attached to his Motion as Exhibit One (ECF No. 14-1) and to file the correspondence attached as

Exhibit One to his Reply (ECF No. 21-1) as an exhibit to his Second Amended Complaint.

Defendant's Partial Motion for Judgment on the Pleadings (ECF No. 13) is **DENIED AS**

**MOOT** and **WITHOUT PREJUDICE** to file a motion to dismiss challenging Plaintiff's

Second Amended Complaint.

> **IT IS SO ORDERED**.


Date: November 9, 2012                              /s/ *Elizabeth A. Preston Deavers*
                                                   Elizabeth A. Preston Deavers
                                                   United States Magistrate Judge