UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID VANBUREN,

        **Plaintiff,**

                                           **Civil Action 2:11-cv-1118**

v.                              `       **Judge Edmund A. Sargus, Jr.**

                                           **Magistrate Judge Elizabeth P. Deavers**

OHIO DEPARTMENT OF
PUBLIC SAFETY,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery and to Impose Sanctions and also his Motion to Hold Scheduling Order in Abeyance. (ECF Nos. 34 and 35.)  For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**, and his Motion to Hold Scheduling Order in Abeyance is **DENIED**.

## I.

Plaintiff, David Vanburen, filed this employment action against the Ohio Department of Public Safety ("ODPS") on December 14, 2011, asserting claims arising under the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  He has amended his Complaint twice, adding two new Defendants and asserting additional claims of discrimination premised upon Defendants' failure to promote him.

On March 19, 2012, the Court held a preliminary pretrial conference and issued a

Preliminary Pretrial Order, setting forth deadlines for discovery and dispositive motions.  (ECF

No. 8.)  Upon the parties' joint requests, the Court extended the discovery and dispositive

motions deadlines three times.  (ECF Nos. 23, 31, and 33.)  Most recently, on March 18, 2013,

the Court set March 29, 2013, as the discovery deadline and May 13, 2013, as the dispositive

motions deadline.  (ECF No. 33.)

On March 29, 2013, Plaintiff's counsel deposed Lieutenant Colonel Daniel Kolcum.

Plaintiff's counsel asked Lt. Col. Kolcum questions concerning a March 22, 2013 decision to

promote an individual other than Plaintiff.  Defense counsel instructed Lt. Col. Kolcum not to

answer questions relating to the March 22, 2013 decision because "such questions [are] beyond

the scope of the claims and allegations made in the present lawsuit to date."  (Defs.' Mem. in

Opp. 5, ECF No. 38.)  Plaintiff's counsel objected to Defense counsel's instruction, but Defense

counsel refused to withdraw his objection.  Neither party contacted the Court during the

deposition to seek a resolution of this dispute.

Plaintiff filed the subject Motion to Compel Discovery and Impose Sanctions on April 4,

2013.  (ECF No. 34.)  Through this Motion, Plaintiff asks the Court to permit her to re-depose

Lt. Col. Kolcum regarding the March 22, 2013 promotion decision and to award sanctions

against Defendants' counsel for improperly instructing Lt. Col. Kolcum not to answer.  Plaintiff

also asks the Court to permit him to depose Defendants Charles and Born, Captain Cory Davies,

and any others who may have knowledge of the March 22, 2013 promotion decision.  Finally,

Plaintiff asks the Court "to order Defendants to produce all documents relating to the open

position, the selection process, the promotion board meeting and the ultimate decision."  (Pl.'s

Mot. 4–5, ECF No. 34.)  Plaintiff contemporaneously moved for an order holding the current

scheduling order in abeyance.  (ECF No. 35.)  Plaintiff seeks such an order so that he may file a

Third Amended Complaint to add a retaliation claim arising from the March 22, 2013 promotion

decision and to conduct discovery relating to this claim.

Defendants oppose Plaintiff's Motions.  Defendants submit that Plaintiff's Motion to

Compel violates the certification requirement set forth in Federal Rule of Civil Procedure 37.

Defendants maintain that Defense counsel properly instructed Lt. Col. Kulcum not to answer

questions relating to the March 22, 2013 promotion decision pursuant to Federal Rule of Civil

Procedure 30(d)(3).  Defendants assert that questions concerning this promotion decision are not

relevant to the claims presently before the Court.  Defendants oppose any extension of the case

schedule, asserting that Plaintiff has had an ample opportunity to conduct discovery in this case.

## II.

### A.    Modification of the Case Schedule

Plaintiff's request to hold the case schedule in abeyance so that he can file a Third

Amended Complaint and re-open discovery is, in essence, a motion to modify case schedule

deadlines that have already expired.  A district court is required to enter a scheduling order,

which limits the time "to join other parties, amend the pleadings, complete discovery, and file

motions." Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling

order's deadlines and seeks a  modification of those deadlines, the party must first demonstrate

good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Perf. Indus, Inc*., 426 F.3d 824, 830

(6th Cir. 2005).  "The primary measure of Rule 16's 'good cause' standard is the moving party's

diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin.*

*Corp*., 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349

F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of

good cause, may do so only if it cannot reasonably be met despite the diligence of the party

seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

Here, Plaintiff has failed to demonstrate the requisite good cause under Rule 16(b)(4). As set forth above, the key inquiry is whether Plaintiff was diligent in his efforts to meet the case schedule deadlines.  Significantly, Plaintiff makes no effort to show that he exercised the requisite diligence or to explain why he waited until after the expiration of the discovery deadline to seek modification of the case schedule when factual basis for his Motion, *i.e.* the March 22, 2013 promotion decision, arose before the March 29, 2013 discovery deadline.  Thus, the Court is unable to conclude that Plaintiff was diligent in his efforts to meet the scheduling deadlines.

Although Plaintiff's failure to set forth good cause is dispositive, the Court further notes that granting the relief requested would result in prejudice to Defendants.  Discovery is closed in this action, and the dispositive motions deadline is less than a week away.  Extending the case schedule a fourth time would significantly delay the resolution of this action and require Defendants to expend additional resources to conduct discovery.

In sum, Plaintiff's failure to show diligence and the prejudice to Defendants leads the Court to determine that Plaintiff has failed to demonstrate good cause as required under Rule 16. Plaintiff's Motion to Hold Scheduling Order in Abeyance is, therefore, denied.  (ECF No. 35.)

**B.      Deposition of Lieutenant Colonel Daniel Kolcum**

The Court agrees with Plaintiff that Defense counsel wrongfully instructed Lt. Col. Kolcum not to answer questions relating to the March 22, 2013 promotion decision.  Contrary to

4

Defense counsel's assertion, Rule 30(d)(3) did not permit him to instruct a witness not to answer on relevancy grounds.  Rather, Rule 30(d)(3) permits a party to move to terminate or limit a deposition "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3).  Defense counsel did not move under Rule 30(d)(3).[1]  Moreover, the Court finds that Plaintiff's counsel's inquiry in to the circumstances surrounding the March 22, 2013 promotion decision was reasonably calculated to lead to the discovery of evidence bearing on the issue of pretext.  *See Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (Federal Rule of Civil Procedure 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence."); *Griffin v. Finkbeiner*, 689 F.3d 584, 599 (6th Cir. 2012) (acknowledging that under certain circumstances evidence of other acts "can provide probative context to an individual employment decision").

Because Defense counsel terminated the deposition without a legitimate basis, the parties shall arrange to reconvene the deposition of Lt. Col. Kolcum within fourteen days of this Order.  Pursuant to Federal Rules of Civil Procedure 30(d)(3)(C) and 37(a)(5)(a), Defense counsel shall bear the expenses for the reconvened deposition, including any attorneys' fees and court reporter costs.  The Court, however, concludes that the circumstances presented here do not warrant reimbursement of Plaintiff's costs in bringing the instant Motion.  The deposition shall be limited in scope such that Plaintiff's counsel may only inquire regarding the March 22, 2013 promotion decision.

---

[1]For future disputes such as these, where the Court could have readily resolved the parties' issues, the Court encourages the parties to seek an informal telephonic conference before filing costly, time-consuming motions.

**C.      Request to Compel Additional Discovery**

Plaintiff's request for a Court order permitting him to depose other individuals and to compel production of documents relating to the March 22, 2013 promotion decision is denied for a number of reasons.

First, to the extent Plaintiff seeks to compel additional discovery, his Motion is untimely. "[A]bsent special circumstances, motions to compel discovery filed after the close of discovery are untimely." *Fed. Ex. Corp. v. United States,* No. 08-2423, 2011 WL 2023297, at *4 (W.D. Tenn. Mar. 28, 2011) (collecting nearly a dozen cases by way of example to support proposition).  Here, Plaintiff filed the subject Motion after the expiration of the discovery deadline.  As set forth above, the Court finds that Plaintiff has failed to demonstrate good cause exists under Rule 16(b)(4) to modify the discovery deadline.  The Court is likewise unable to discern any "special circumstances" that would persuade the Court to consider Plaintiff's Motion to Compel timely with regard to the additional discovery he seeks to conduct.

Second, as Defendants note, Plaintiff has failed to satisfy the certification requirement set forth in Rule 37.  Rule 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests.  Fed. R. Civ. P. 37(a)(1).  Thus, absent this certification, the Court cannot entertain Plaintiff's Motion.

Finally, the documents and information Plaintiff seeks to compel are not the subject of formal discovery requests.  Plaintiff cannot successfully move for an order compelling documents if he did not first formally seek the documents pursuant to Federal Rule of Civil Procedure 34.  This Court recently denied a motion to compel on this very ground, explaining as

follows:

> [P]laintiff cannot successfully move for an order compelling documents when he did not first seek this information through Rule 34. *See* Fed. R. Civ. P. 37(a)(3)(B) (iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34); *McDermott v. Cont'l Airlines, Inc.*, No. 08–3557, 339 F. A'ppx 552, at *560 (6th Cir. July 30, 2009) (finding no abuse of discretion in denying motion to compel where moving party did not request documents pursuant to Rule 34); *Nilavar v. Mercy Health Sys.-W. Ohio*, 210 F.R.D. 597, 610 (S.D. Ohio 2002) ("However, Rule 34 is the formal mechanism by which documents are to be requested, and Plaintiff's Motion to Compel Discovery is only viable as to documents requested by that method.").

*Nayyar v. Mount Carmel Health Sys.*, No. 2:10-CV-135, 2012 WL 203418, at *3–4 (S.D. Ohio Jan. 24, 2012). Thus, for this additional reason, Plaintiff's Motion to Compel is denied insofar as it seeks an order compelling Defendants to produce information he never formally requested.

### III.

In sum, Plaintiff's Motion to Hold Scheduling Order in Abeyance (ECF No. 35) is **DENIED**, and his Motion to Compel Discovery and to Impose Sanctions (ECF No. 34) is **GRANTED IN PART AND DENIED IN PART**. As set forth above, the parties shall arrange to reconvene the deposition of Lt. Col. Kolcum **WITHIN FOURTEEN DAYS** of the date of this Order absent an agreement by the parties to the contrary. Defense counsel shall bear the expenses for the reconvened deposition, including any attorneys' fees and court reporter costs. If necessary, Plaintiff may move for an extension of time to respond to any forthcoming Motion for Summary Judgment Defendants may file.

**IT IS SO ORDERED**.

Date: May 10, 2013                    _____/s/ *Elizabeth A. Preston Deavers*_____
                                      Elizabeth A. Preston Deavers

United States Magistrate Judge